Dear Senator Terrill,
The Attorney General is in receipt of your request for an opinion where, in effect, you ask the following question:
Whether under 10 O.S. 1112(d) (1978), a child who has been certified tostand trial as an adult for a particular criminal offense, but prior to aconviction on that charge, commits a second criminal act, shall beprosecuted as an adult on the second criminal act without furthercertification proceedings?
Title 10 O.S. 1112(d) (1978) provides as follows:
 "(d) Any child who has been certified to stand trial as an adult and is subsequently convicted of the alleged offense shall be tried as an adult in all subsequent criminal prosecutions, and shall not be subject to the jurisdiction of the juvenile court in any further proceedings."
A reading of subsection (d) indicates that two events must occur before a juvenile offender is excluded from the purview of juvenile jurisdiction.
Under 10 O.S. 1112(b) (1978), the juvenile court must, first, find the existence of probable cause to certify a child to stand trial as an adult for a particular criminal act. The process of certification alone, however, does not divest the juvenile court of permanent jurisdiction over the juvenile offender.
10 O.S. 1112(d) requires, in addition, that the juvenile offender subsequently be convicted as an adult for the criminal offense upon which the certification process was initiated.
It is, however, apparent that once the juvenile offender has been subjected to criminal prosecution as an adult and where a conviction results, any future or pending criminal acts may be processed as any other criminal act committed by an offender over the age of majority.
Until this dual requirement of certification and conviction has been satisfied under 10 O.S. 1112(d), any criminal act committed by the juvenile offender is subject to the jurisdiction of the juvenile court and must be processed through the proper channels of the juvenile system.
It is, therefore, the opinion of the Attorney General that under Title10 O.S. 1112(d) (1978), any criminal act committed by a juvenile offenderis subject to the jurisdiction of the juvenile court until such time assaid juvenile has been certified as an adult and thereafter convicted ofthe criminal offense upon which the certification process was initiated.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JANET L. COX, ASSISTANT ATTORNEY GENERAL